NO. 07-02-0022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 16, 2002

_____

HORACE CHESTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82603; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and JOHNSON, JJ., AND BOYD, S.J.[1]

Appellant Horace Chester has given notice of appeal from a conviction and sentence in Cause No. 82603 in the Criminal District Court of Jefferson County, Texas (the trial court), for possession of a controlled substance. The appellate court clerk has received and filed the trial court clerk's record and the trial court reporter's record. Appellant has been previously granted an extension of time to file his brief. By letter dated

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

August 19, 2002, the appellate clerk advised counsel for appellant that appellant's brief was due on July 15, 2002, and that neither the brief nor a motion for extension of time for filing of the brief had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received by August 30, 2002, the appeal would be abated to the trial court for hearing pursuant to Tex. R. App. P. 38.8(b). No response to the clerk's letter of August 19th has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant's present counsel should be replaced; and (2) what orders, if any, should be entered to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's

2

record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than October 16, 2002.

Per Curiam

Do not publish.